## NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000619
10-DEC-2021
09:38 AM
Dkt. 60 ORD**

NO. CAAP-14-0000619


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SHARON LaPETER, Plaintiff-Appellee, v.
ALFRED LaPETER, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 12-1-0364)


ORDER DISMISSING APPEAL
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, J.)

Upon consideration of the declarations in response to the October 29, 2021 Order and Order to Show Cause, filed November 19, 2021, by attorneys Geoffrey Hamilton (Hamilton) and Paul A. Tomar (Tomar), the papers in support, and the record, it appears that:

(1) On October 6, 2021, the court ordered that within ten days from the order, the parties, jointly or severally, shall notify the court about the status of self-represented Defendant-Appellant Alfred LaPeter's (Appellant) bankruptcy case, United States Bankruptcy Court for the District of Arizona, No. 4:14-bk-04278-BMW, and, if necessary, file certified copies of relevant bankruptcy court document(s), consistent with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 54(c). The court cautioned the parties that failure to timely respond to the order may result in sanctions. The court also issued an order to show cause, requiring each party, within ten days from the order, to demonstrate why this appeal should not be dismissed for failure to prosecute. The court cautioned the parties that failure to

timely respond to the order or to show good cause may result in sanctions;

(2) No party filed a response to the October 6, 2021 order and order to show cause;

(3) On October 29, 2021, the court again ordered Appellant and Tomar, counsel for Plaintiff-Appellant Sharon LaPeter, to notify the court, within twenty-one days from the order, about the status of Appellant's bankruptcy case, and if the bankruptcy court has lifted or terminated the stay, then Appellant and Tomar shall file certified copies of relevant bankruptcy court documents, consistent with HRAP Rule 54(c).  The court cautioned Appellant and Tomar that failure to timely respond to the order may result in sanctions.  The court also issued an order to show cause to Appellant and Tomar concerning their failure to respond to the October 6, 2021 order to show cause, and to explain why the appeal should not be dismissed for failure to prosecute.  The court ordered Appellant and Tomar to respond within twenty-one days from the order and cautioned them that failure to timely respond or to show good cause may result in sanctions, including, without limitation, the appeal being dismissed;

(4) On November 19, 2021, Hamilton and Tomar filed timely responses to the October 29, 2021 order and order to show cause.  Hamilton, who is not Appellant's counsel in this case but responded on Appellant's behalf, provided a certified copy of the bankruptcy court's March 30, 2020 order discharging Appellant's debt under chapter 11 of the Bankruptcy Code, which effectively terminated the automatic stay of this appeal that was in effect under 11 U.S.C. § 362(a)(1) (2010) and HRAP Rule 54(c).  See 11 U.S.C. § 362(c)(2)(C).  In addition, Hamilton and Tomar demonstrate that on February 20, 2020, the parties filed in the underlying case, FC-D No. 12-1-0364, a Stipulation Re Settlement of All Remaining Disputed Divorce Issues, where the parties agreed to end all litigation arising from the underlying case. The family court judge approved and signed the stipulation.

Thus, it appears the parties do not intend to continue with this appeal.[1]

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed.

IT IS FURTHER ORDERED that the court will take no further action on the October 6, 2021,[2] and October 29, 2021 orders to show cause.

IT IS FURTHER ORDERED that all pending motions are dismissed.

IT IS FURTHER ORDERED that the appellate clerk shall mail a copy of this order to (1) Hamilton at his address indicated in the November 19, 2021 declaration at docket 55, (2) Appellant at his address on record in this case, and (3) Tomar at his address indicated in the November 19, 2021 declaration at docket 57.

DATED:  Honolulu, Hawaiʻi, December 10, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[1]  Contrary to Hamilton's assertion that this is the only appeal from the underlying divorce case, three appeals originated from that case: Appellant's former counsel Joy Yanagida's appeal in CAAP-14-0000991 and Appellant's appeal in CAAP-14-0000992, consolidated under CAAP-14-0000991, and Appellant's appeal here in CAAP-14-0000619.  The court entered an opinion and judgment in CAAP-14-0000991 on March 29, 2019, and May 1, 2019, respectively.

[2]  Hamilton asserts that Appellant did not receive the October 6, 2021 order and order to show cause.  Nonetheless, the appellate clerk mailed a copy of the October 6, 2021, and October 29, 2021 orders and orders to show cause to Appellant at his address on record, and no return mail was received. Appellant and Tomar are cautioned to timely comply with court orders.  Future violations may result in sanctions.